UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARON VACCARELLA, ESQ.,

Plaintiff,

v.

HONORABLE DAVID MORRIS, et al.,

Defendants.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
25-CV-6005-SJB-JMW

**BULSARA, United States District Judge:**

Pro se Plaintiff Maron Vaccarella has filed two applications to proceed *in forma pauperis* ("IFP"). (Appl. to Proceed IFP dated Oct. 24, 2025, Dkt. No. 2; Appl. to Proceed IFP dated Jan. 7, 2026, Dkt. No. 6). Vaccarella's request to proceed IFP is granted. However, for the reasons discussed below, Vaccarella's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain more than "naked assertion[s] devoid of further factual enhancement." *Id.* (quotations omitted). In other words, a plausible claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint

are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). The determination of whether a party has alleged a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A pro se plaintiff's pleadings are generally held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally"). However, this leniency does not extend to Vaccarella—a lawyer proceeding pro se. (*See* Compl. dated Oct. 24, 2025, Dkt. No. 1 ¶ 4); *see Zappin v. Doyle*, 756 F. App'x 110, 111 n.1 (2d Cir. 2019) ("[A] lawyer representing himself ordinarily receives no such solicitude at all." (quoting *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010))). Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See also United States v. Rodriguez*, 147 F.4th 217, 225 (2d Cir. 2025) ("§ 1915(e)(2)(B)(i) *requires* a court to dismiss an IFP action or appeal if the court determines that it is frivolous."). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and quotations omitted).

## DISCUSSION

Vaccarella commenced this lawsuit on October 24, 2025, asserting claims under 42 U.S.C. § 1983 against the State of New York, the Family Court of Suffolk County, the Suffolk County Support Collection Unit, and two family court judges (Judge David Morris and Judge Jeffrey Arlen Spinner) (collectively, "Defendants") for alleged constitutional violations in his state court child custody and support proceedings, as well as a claim for defamation. (Compl. ¶¶ 5–9; 24–36). On March 21, 2017, Marcia Vaccarella, who Vaccarella alleges is not a parent to his child and has no relationship to the child, filed a petition in state court to obtain custody of Vaccarella's son. (*Id.* ¶ 10). Vaccarella alleges that his due process rights were violated in the state court proceedings because Marcia Vaccarella lacked standing, the Family Court lacked jurisdiction, and New York's "DeFacto Parent" standard is unconstitutional. (*Id.* ¶ 30). He also alleges that Defendants held "closed-door conferences" and "issued orders" with "only court personnel and Petitioner's and Child's attorneys, while excluding [him]." (*Id.* ¶ 27). As a result, Vaccarella alleges that he has been wrongfully deprived of seeing his son, and unlawfully charged with child support, including via deductions from his Social Security award. (*Id.* ¶ 26). Separately, Vaccarella alleges that Defendants defamed and ridiculed him in front of colleagues that he practiced with and covered cases for. (*Id.* ¶¶ 32–36). He seeks compensatory and punitive damages on both claims. (Compl. at 8).

# I. Section 1983 Claims

## A. Domestic Relations Abstention

"Although the domestic relations '*exception*' to subject matter jurisdiction . . . does not apply in federal-question cases, the domestic relations *abstention* doctrine . . . does." *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019). "[T]he existence of a distinct abstention doctrine for certain domestic relations disputes is supported by the Supreme Court's longstanding recognition—in a non-diversity case involving a child custody dispute—that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States.'" *Id.* at 624 (quoting *In re Burrus*, 136 U.S. 586, 593–94 (1890)). "Under the domestic relations abstention doctrine '[a] federal court presented with matrimonial issues or issues on the verge of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts.'" *Zappin v. Comfort*, No. 23-7363, 2024 WL 5001624, at *2 (2d Cir. Dec. 6, 2024) (quoting *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (per curiam)).

Vaccarella's Section 1983 claims—all of which concern his state child custody and support proceedings—are on the verge of being matrimonial in nature and require abstention. Although framed as a claim for damages, Vaccarella effectively seeks review of the state court's child custody and support decisions, which requires abstention. *See, e.g.*, *Phillips v. Schenectady Cnty. Child Support Unit*, No. 24-CV-0853, 2025 WL 895035, at *8 (N.D.N.Y. Mar. 24, 2025) ("Courts in this circuit routinely dismiss actions for lack of subject matter jurisdiction, due to the domestic relations abstention

doctrine, where the plaintiff is seeking review of child custody [and child support] proceedings." (quotation omitted)) (collecting cases), *report and recommendation adopted*, 2025 WL 1191320 (Apr. 24, 2025), *appeal dismissed* (2d Cir. Sep. 18, 2025); *Bent v. NYC Off. of Child Support Servs.*, No. 25-CV-5364, 2025 WL 2938678, at *2 (E.D.N.Y. Oct. 15, 2025) (applying abstention doctrine where "the claims for which Plaintiff seeks relief arise directly from the child support action"). Vaccarella cannot avoid the application of domestic relations abstention by reframing his challenge to his child support as a lawsuit for damages. *See Zappin*, 2024 WL 5001624, at *2 (affirming district court's dismissal based on domestic relations abstention where plaintiff sought only damages); *Ruchinsky v. Devack*, No. 14-CV-2219, 2014 WL 2157533, at *10 (E.D.N.Y. May 23, 2014) ("[P]laintiff's Complaint tacitly seeks modification of plaintiff's child support obligations by seeking 'damages' which are calculated to reverse all of the state court's child support decisions to the extent that they were adverse to plaintiff. . . . Plaintiff cannot avoid operation of the domestic relations exception by re-casting his challenge to the state court's child support decisions as a Civil RICO claim.").

Although Vaccarella asserts that Defendants violated his constitutional rights in the state proceedings, Vaccarella has not adequately alleged any obstacle to the full and fair determination of his claims there. *See, e.g.*, *Hart v. Thompson*, No. 23-CV-3289, 2023 WL 3949041, at *4 (S.D.N.Y. June 12, 2023) ("Although Plaintiff asserts that the family court has violated his constitutional rights, including his right to due process, he alleges no facts suggesting that there are any obstacles preventing him from receiving a full and fair determination regarding whether he owes child support or the amount

owed."); *Evans v. Adams*, 714 F. Supp. 3d 119, 125 (E.D.N.Y. 2024) ("Evans's conclusory statements accusing the state court of violating the Constitution without more do not establish an obstacle to a full and fair determination. Evans may raise those constitutional claims in the state court, including on appeal if necessary." (citation omitted)). Abstention is therefore appropriate here.

**B. Immunity**

The Eleventh Amendment generally bars suit in federal court "against a state or its agencies absent a waiver of immunity or congressional legislation specifically overriding immunity." *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010); *see also Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100–01 (1984) (noting immunity extends to both damages and injunctive relief); *see* U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the United States[.]"). "Eleventh Amendment immunity 'extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state.'" *Bythewood v. New York*, No. 22-2542, 2023 WL 6152796, at *1 (2d Cir. Sep. 21, 2023) (quoting *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009)). Eleventh Amendment immunity also extends to "state officials sued in an official capacity." *Bell v. Kaleida Health*, No. 25-0366, 2025 WL 2938354, at *2 (2d Cir. Oct. 16, 2025). States may waive their own immunity, or Congress may abrogate it pursuant to its Fourteenth Amendment power. *Beaulieu v. Vermont*, 807 F.3d 478, 483 (2d Cir. 2015).

Even if abstention were inapplicable, Vaccarella's Section 1983 claims against Defendants are barred by sovereign immunity. It is well-established that Congress did not abrogate state sovereign immunity for § 1983 claims, *Mallet v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 126 F.4th 125, 138 (2d Cir. 2025), and New York "has not consented to § 1983 suits in federal court," *Mamot*, 367 F. App'x at 192. The State of New York is entitled to sovereign immunity, *see Finn v. New York*, No. 23-0126, 2023 WL 7013414, at *2 (2d Cir. Oct. 25, 2023), as is the Suffolk County Family Court, which is an arm of the state, *see Bythewood*, 2023 WL 6152796, at *1 ("The New York State Unified Court System is 'unquestionably an arm of the state' that shares in New York's immunity to suit." (quoting *Gollomp*, 568 F.3d at 368)); *Grijalva v. Coward*, No. 24-CV-6365, 2024 WL 5057652, at *3 (E.D.N.Y. Dec. 9, 2024) ("[T]he Suffolk County Family Court, which is a part of the New York State United Court System, is an arm of the State of New York."). The Suffolk County Support Collection Unit "appears to be a branch of New York State Child Support Services operating under the New York State Department of Social Services," and is therefore also an arm of the state entitled to sovereign immunity. *See Phillips*, 2025 WL 895035, at *9. To the extent Vaccarella asserts claims against Judge Morris and Judge Spinner in their official capacities, they are also entitled to sovereign immunity. *See, e.g.*, *Harper v. Bank of New York*, No. 25-CV-1573, 2026 WL 1174506, at *7 (E.D.N.Y. Apr. 30, 2026) ("Eleventh Amendment sovereign immunity applies not just to lawsuits filed in federal court against States themselves, but also to state officials acting in their official capacities, including state court judges." (citing *Chris H. v. New York*, 740 F. App'x 740, 741 (2d Cir. 2018))); *Chambers v. Stynes*,

No. 25-CV-2524, 2025 WL 2917109, at *3 (E.D.N.Y. Oct. 14, 2025) ("[F]or purposes of sovereign immunity, state agents include state court judges and personnel sued for damages in their official capacities." (quotation omitted)).[1] Accordingly, if abstention is inappropriate, Vaccarella's Section 1983 claims are subject to dismissal on immunity grounds.

**II. Defamation Claim**

Vaccarella also brings a separate claim under New York state law for defamation. (Compl. ¶¶ 31–36). "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)). The Court declines to exercise supplemental jurisdiction over Vaccarella's state law defamation claim, given the early stage of this litigation. *Id.* ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."

[1] To the extent Vaccarella brings Section 1983 claims against Judge Morris and Judge Spinner in their personal capacities, they are entitled to judicial immunity. "[J]udges generally have absolute [judicial] immunity from suits for money damages for their judicial actions, but not for actions taken in an administrative, legislative, or executive capacity." *Kellogg v. Nichols*, 170 F.4th 20, 24–25 (2d Cir. 2026) (per curiam) (quotation omitted). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Id.* at 25 (quotation omitted). Vaccarella asserts Section 1983 claims based solely on conduct by Judge Morris and Judge Spinner in their judicial capacities—he alleges that they denied him due process by "not dismissing any and all claims, given that the Petitioner, in the family court, is not the parent of the [his] son," (Compl. ¶ 26); that they "held closed-door conferences" and "issued orders . . . while excluding [him]," (*id.* ¶ 27); and that they "prevented [him] from filing further applications for dismissal," (*id.* ¶ 29). These allegations concern "decision[s] in relation to" Vaccarella's family court case—the "principal hallmark of the judicial function." *Kellogg*, 170 F.4th at 25 (quotation omitted).

(quotation omitted)); *Sadallah v. City of Utica*, 383 F.3d 34, 40 (2d Cir. 2004) ("[B]ecause plaintiffs no longer have any viable federal claim, any remaining state law claims belong in state, rather than federal, court.").[2]

## CONCLUSION

For the reasons set forth above, Vaccarella's motion to proceed IFP is granted, but his claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Because the defects in Vaccarella's claims are substantive and cannot be cured by repleading, the Court concludes that amendment would be futile, and leave to amend is denied. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile."). The Clerk of Court is directed to close this case. The Clerk of Court is respectfully requested to mail a copy of this Order to Vaccarella and to note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in

[2] The same analysis applies where the Court abstains from exercising jurisdiction over all claims within its original jurisdiction under domestic relations abstention, which results in dismissal of the subject claims. *See Deem*, 941 F.3d at 620, 625 (affirming district court's decision dismissing plaintiff's federal claims based on domestic relations abstention and declining to exercise supplemental jurisdiction over state law claims).

good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.
*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: September 11, 2026
Central Islip, New York